UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE MICHELE F., <br><br>  Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Social Security Administration Commissioner, <br><br>  Defendant. | Case No.: 19cv2082-MDD <br><br> **ORDER DENYING PLAINTIFF'S MERITS BRIEF** <br><br><br> [ECF No. 13] |

Plaintiff Denise Michele F. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance and benefits under Title XVI of the Social Security Act ("Act"). (ECF No. 1). On September 28, 2020, Plaintiff filed a Merits Brief. (ECF No. 13 ("Mtn.")). The Commissioner filed a response in opposition [ECF No. 16 ("Oppo.")], to which Plaintiff replied [ECF No. 17 ("Reply")]. For the reasons expressed herein, the Court **DENIES** Plaintiff's Merits Brief and **AFFIRMS** the ALJ's decision.

//

# I.    BACKGROUND

Plaintiff was born on September 29, 1966. (AR 187)[1]. At the time the instant application was filed on March 16, 2016, Plaintiff was 49 years old which categorized her as a younger person. 20 C.F.R. § 404.1563, 416.963.

## A.   Procedural History

On March 16, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging a disability beginning March 1, 2016. (AR 27, 189). Plaintiff amended the alleged disability onset date to correspond with her 50th birthday, which categorized her as a person closely approaching advanced age. 20 C.F.R. § 404.1563, 416.963. After her application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR at 27, 133). An administrative hearing was held on July 19, 2018. (AR 45-87). Plaintiff appeared and was represented by attorney Holly McMahon. (*Id.*). Testimony was taken from Plaintiff and John P. Kilcher, an impartial vocational expert ("VE"). (*Id.*). On December 3, 2018, The ALJ issued a decision denying Plaintiff's claim for disability insurance benefits. (AR 27-40).

On January 15, 2019, Plaintiff sought review with the Appeals Council. (AR 177). On September 16, 2019, the Appeals Council denied Plaintiff's request for review and declared the ALJ's decision to be the final decision of the Commissioner in Plaintiff's case. (AR 1). This timely civil action followed.

//

//

---

[1] "AR" refers to the Certified Administrative Record filed on March 13, 2020. (ECF No. 8).

## II. DISCUSSION

### A. Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Batson*, 359 F.3d at 1193. When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if a reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Batson*, 359 F.3d at 1193. Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

## B. Summary of ALJ's Findings

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* C.F.R. § 404.1520. At step one, the ALJ reserved making a finding as to whether Plaintiff had engaged in substantial gainful activity since September 28, 2016. (AR 29-30). He noted that Plaintiff worked after the alleged disability onset date and it is possible that some of this work rose to the level of substantial gainful activity for at least a portion of the period in question. (AR 29). However, Plaintiff did not provide further information regarding her work activity after the hearing, despite the ALJ holding the record open to allow her to do so. (*Id.*).

At step two, the ALJ found that Plaintiff had the following severe impairments: reported history of fibromyalgia; chronic fatigue syndrome; irritable bowel syndrome; major depressive disorder, and generalized anxiety disorder. (AR 30).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 30) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 44.1525, 404.1526)).

Next, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> She could frequently perform all postural activities. She can carry out unskilled tasks at all appropriate reasoning levels per the DOT, and can perform those tasks at an adequate pace with normal breaks over an eight-hour day. She can occasionally interact with coworkers and supervisors but should have no contact with the general public. Lastly, she can tolerate only occasional changes in the work setting.

(AR 32). The ALJ said that his RFC assessment was based on all the evidence and the extent to which Plaintiff's symptoms are consistent with the objective medical evidence and other evidence. (*Id.*). The ALJ also stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation process. He found Plaintiff was unable to perform her past relevant work. (AR 37). For the purposes of his step five determination, the ALJ accepted the testimony of VE John P. Kilcher. The VE determined that Plaintiff could perform jobs identified by the VE which exist in significant numbers in the national economy. For example, lumbar sorter (DOT 922.687-074); hand packager (DOT 920.587-018); and package sealer (DOT 920.685-074).

C.  **Issues in Dispute**

The issues in dispute in this case are: (1) whether the ALJ erred in finding her not disabled due to her fibromyalgia; (2) whether the ALJ's step five decision is supported by substantial evidence; and (3) whether the ALJ failed to fully and fairly develop the record. (*See generally*, Mtn.; Reply). The Court notes that Plaintiff raised the third issue for the first time in reply. The Court addresses this argument even though arguments raised for the first time in a reply brief are inappropriate. *See United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001), *aff'd*, 36 F. App'x 612 (9th Cir. 2002) (stating courts generally decline to consider arguments raised for the first time in reply briefs because in such cases, opposing parties are deprived of adequate opportunity to respond).

1.  **Disability due to Fibromyalgia**

Plaintiff argues the ALJ erred by finding that her fibromyalgia, separately or in combination with other impairments, did not medically equal

a listing. (Mtn. at 9, 17-22, 24-28). At step two, the ALJ found Plaintiff's fibromyalgia was a severe impairment. (AR 30). The ALJ addressed the relevant listing for Plaintiff's mental and physical impairments and found that the required criteria was not satisfied by Plaintiff's condition. (AR 30). The ALJ noted that there is no listing for fibromyalgia. (*Id.*). Nevertheless, the ALJ explained that he considered similar listings and found Plaintiff did not meet or equal any listings regarding musculoskeletal disorders or immune system disorders.[2] (*Id.*); 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step three, the claimant is conclusively presumed disabled if she meets or medically equals a listed impairment. 20 C.F.R. § 404.1520(d)-(e), 416.920(d)-(e); *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). Because fibromyalgia is not a listed impairment, the ALJ must "determine whether [it] medically equals a listing (for example, listing 14.09(d) in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." SSR 12-2p, 2012 SSR LEXIS 1, at *17. The claimant bears the burden of proof at step three. *Bowen*, 482 U.S. at 146 n.5 (9th Cir. 1985). A mere diagnosis is insufficient to establish a disability.[3] *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tacket v. Apfel*, 180 F.3d

---

[2] The ALJ also considered digestive system disorders with respect to Plaintiff's irritable bowel syndrome. (AR 30).
[3] Accordingly, the fibromyalgia diagnosis assessed by Dr. Adrian M. Jaffer on January 3, 2019 does not warrant remand. (*See* Mtn. at 10); (*see* AR 21-22).

1094, 1099 (9th Cir. 1999).

Plaintiff does not identify which listing she believes her impairment satisfied or how her condition is of medical equivalency. Additionally, Plaintiff fails to offer any analysis that purports to compare her condition to that described in a particular listing. Rather, Plaintiff merely argues she has a medically determinable impairment of fibromyalgia.[4] Accordingly, Plaintiff has failed to meet her burden of showing error because she does not point to any listing, address the standards for meeting that listing, or cite to any evidence in the record to support a finding that she satisfied that listing.

**2.   New Medical Evidence**

Plaintiff argues the Appeals Council failed to consider new medical evidence provided to it which contradicts the ALJ's findings of no disability. (Mtn. at 14-15). After the ALJ found Plaintiff not disabled, she submitted records from Hall Mortimer Associates dated February 8, 2019 and March 7, 2019, and Allergy and Rheumatology Medical Clinic dated January 3, 2019. (*See* AR 2). Even though the Appeals Council "did not exhibit this evidence,"[5] it did in fact consider the records in concluding that they "do[] not show a reasonable probability that it would change the outcome of the decision." (*Id.*).

"[W]hen the Appeals Council considers new evidence in deciding

---

[4] Plaintiff conflates steps two and three of the five-step sequential evaluation analysis. Plaintiff relies on SSR 12-2p, 2012 SSR LEXIS 1, to argue the ALJ errantly found Plaintiff did not have a medically determinable impairment of fibromyalgia. However, the ALJ concluded that Plaintiff has a medically determinable impairment of fibromyalgia. (AR 30). Thus, the ALJ was not prejudiced about fibromyalgia as a medically determinable impairment because he found Plaintiff's fibromyalgia to be one. (*See* Mtn. at 20-22).

[5] Plaintiff contends the fact the evidence was submitted into the record but was not indexed "leav[es] questions, which remained unanswered," but fails to explain what questions. (Reply at 9).

whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1163 (9th Cir. 2012). However, courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Id.* at 1161. As a result, the Court cannot determine whether the Appeals Council erred. (*See* Mtn. at 13-14). Rather, the issue before the Court is whether the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence in light of the new evidence.

Plaintiff contends the new evidence she submitted to the Appeals Council is "'substantial evidence' in support of a finding of disability and her inability to perform the requirements of 'Lumbar sorter', 'Hand packager' or 'Package sealer'" at step five of the sequential evaluation process. (Reply at 11). In doing so, Plaintiff also challenges the RFC assessed by the ALJ. (Mtn. at 10-11; Reply at 10)

The new evidence consists of a Vocational Rehabilitation Evaluation report completed by Behnush Mortimer, PhD, CRC, CVE, a work capacity evaluation form completed by Dr. Rodrigo Naranjo, M.D., and treatment notes diagnosing Plaintiff with fibromyalgia from Dr. Jaffer. (AR 8-16). Ms. Mortimer reviewed the ALJ decision along with Dr. Jaffer's treatment notes and Dr. Naranjo's work capacity evaluation form. (AR 8-23). Additionally, Ms. Mortimer conducted an independent vocational rehabilitation evaluation. (AR 8). She opined that Plaintiff "does not have the residual functional capacity to work in unskilled, sedentary, light or medium competitive employment within the open labor market. Her residual functional capacity does not allow for her to work the complete range of duties required in these

types of positions." (AR 16). Specifically, Ms. Mortimer opined that Plaintiff's vocational test results preclude her from any work requiring frequent to constant upper extremity use. (AR 16).

As noted by the Commissioner, Ms. Mortimer's opinion is based on Dr. Naranjo's more restrictive RFC assessment. As a result, the Court must first determine whether the ALJ's RFC determination is supported by substantial evidence considering Dr. Jaffer and Dr. Naranjo's post-hearing opinions.

First, Dr. Naranjo's work capacity evaluation form provides no basis or underlying objective findings to substantiate the limitations opined in the form. (AR 18-19). While Dr. Naranjo opined that Plaintiff could only work for two to three hours a day due to fibromyalgia and chronic fatigue, the statement is inconsistent with his own treatment notes from April of 2018, the only other time he saw Plaintiff. (AR 18-19, 440). Dr. Naranjo's findings in 2018 were generally normal and he noted that Plaintiff did not appear to be in acute distress. (AR 440). Moreover, Dr. Naranjo's work capacity evaluation form provides no explanation for his restrictions. (AR 18-19). Accordingly, the form completed by Dr. Naranjo is unsupported and inconsistent with his own treatment records. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (noting that an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings").

Next, Dr. Jaffer's treatment notes from January 3, 2019 do not assess Plaintiff with any limitations. (AR 21-22). Rather, Dr. Jaffer's treatment notes support Plaintiff's claim that she has a fibromyalgia diagnosis. (*Id.*). However, this does not impact the ALJ's decision because the ALJ found Plaintiff's fibromyalgia to be a severe medically determinable impairment. (AR 30).

Additionally, both Dr. Naranjo's opinion and Dr. Jaffer's treatment notes were issued after the ALJ issued his ruling. Medical opinions issued after an adverse ruling are "less persuasive." *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996).

For these reasons, the Court cannot find that, in light of these new medical records, the ALJ's RFC determination is supported by insufficient evidence. Ms. Mortimer's vocational rehabilitation report is, in part, based upon Dr. Naranjo's opinion and Dr. Jaffer's treatment notes. (AR 8-16). Her opinion is unsupported by substantial evidence to the extent it is based on those records.

Ms. Mortimer also independently evaluated Plaintiff based on Plaintiff's reported physical and cognitive limitations and based upon vocational reports assessing Plaintiff's fingertip dexterity, upper extremity range of motion, and typing speed. (AR 13-15). Ms. Mortimer noted that Plaintiff "performed in very low percentiles for assembly, dexterity and use of small tools" and that her "typing speed was far below her prior competitive speed." (AR 15). Ultimately, Ms. Mortimer concluded that Plaintiff's RFC is more restrictive than the RFC assessed by the ALJ and that the more restrictive RFC precluded her from competitive employment. (AR 8-16).

A vocational expert's testimony "is valuable only to the extent that it is supported by medical evidence." *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982). "The vocational expert's opinion about a claimant's residual functional capacity has no evidentiary value if the assumptions in the hypothetical are not supported by the record." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). The vocational rehabilitation report is not provided by a medical source. The regulations require that the Commissioner only use acceptable medical sources such as licensed

physicians, licensed osteopaths, licensed or certified psychologists, and licensed optometrists in determining a claimant's RFC.  20 C.F.R. §§ 404.1513, 416.913.  Regarding medical matters such as RFC assessments, vocational experts, such as Ms. Mortimer, who prepared this report, are only entitled to the weight given to any other lay witness.

Plaintiff does not contest that the ALJ's decision was supported by substantial evidence given the material in the record at the time he made his decision.  (*See generally*, Mtn.).  Given that the Plaintiff does not dispute that the ALJ's previous assessment was based on ample medical evidence at the time of the hearing, there is no reasonable possibility that this non-medical vocational report could cause the ALJ to change his decision.  Accordingly, the ALJ's finding at step-five of the sequential evaluation process is supported by substantial evidence.

### 3. Duty to Fully and Fairly Develop the Record

In her reply brief, Plaintiff for the first time contends the ALJ failed to fully and fairly develop the record.  (Reply at 12).  Plaintiff contends she is entitled to an ALJ decision "based on the entire record," which includes the new evidence submitted to the Appeals Council.  (*Id.* at 17).

It is well established in the Ninth Circuit that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, and that this special duty exists. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014).  However, it remains the claimant's duty to prove that he/she is disabled. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).   An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *Id.*

Plaintiff has failed to articulate her argument that the ALJ failed to

develop the record.  Plaintiff does not point to ambiguous evidence or argue there was an inadequate record for proper evaluation of the evidence.  (*See* Reply).  The evidence submitted consists of post-hearing records which, as discussed above, are not supported by substantial evidence in the record.  As a result, the Court finds that the ALJ did not fail to develop the record.

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion and **AFFIRMS** the ALJ's decision.  The Clerk of Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:   November 24, 2020

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge